

05 NOV 14 PM 3: 15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:05CR395 |
| | ) | |
| Plaintiff, | ) | Judge John R. Adams |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BRANDON WALDROUP, | ) | **PLEA AGREEMENT** |
| | ) | |
| Defendant. | ) | |

1.    Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the following Agreement is entered into by and between the defendant, MICHAEL BRANDON WALDROUP, and the United States of America by Robert E. Bulford, Assistant United States Attorney.[1]  This agreement binds only the United States Attorney's Office for the Northern District of Ohio, and does not bind any other federal, state or local prosecuting, administrative or regulatory authorities.

---

[1] The terms "United States of America" and "government," as hereinafter used in this agreement, are defined as and restricted to mean the United States Attorney's Office for the Northern District of Ohio.

- 2 -

## ADVICE OF RIGHTS, CHARGES AND PENALTIES

2.    The defendant, having been advised of his constitu-
tional rights, including the right to a trial by jury or by the
court, the right to confront and cross-examine witnesses
against him, the right to call witnesses on his behalf, the
right to be represented by an attorney at every stage of the
proceedings against him, and the privilege against self-
incrimination, knowingly and voluntarily waives each of these
rights and privileges and agrees to enter a plea of GUILTY to
the charge set forth in Count 1 of the supplemental
information.

3.    Count 1 of the supplemental information charges the
defendant with possession of a controlled substance, in
violation of Title 21, Section 844(a), United States Code.

4.    The defendant understands that based upon the type
and amount of controlled substance involved within the scope of
the defendant's criminal conduct, as acknowledged and
stipulated hereafter, the statutory penalty for Count 1 of the
supplemental information is one year (12 months) imprisonment,
a $100,000.00 fine, or both, and a period of up to one year
supervised release following any term of incarceration.

5.    The defendant further understands that in accordance
with Title 18, Section 3013, United States Code he shall pay a
mandatory $25.00 special assessment for the count of

- 3 -

conviction, and that such assessment is due and payable on the date of sentencing.

## SENTENCING

6.    The defendant understands that sentencing rests within the discretion of the Court; that federal sentencing law requires the Court to impose a sentence which is reasonable; and that the Court must consider the advisory United States Sentencing Guidelines (U.S.S.G.) in effect at the time of the sentencing in determining a reasonable sentence.    The defendant further understands that the Court will determine the advisory U.S.S.G. imprisonment range after a pre-sentence report has been prepared by the U.S. Probation Office and reviewed by the parties.    The defendant further understands that it is the obligation of the government to provide to the U. S. Probation Office all information regarding the defendant and his known conduct, including charged and uncharged criminal offenses.

7.    The defendant understands and acknowledges that any recommendations contained herein are not binding on the Court, and the Court may impose any sentence provided by law. Defendant further understands that the Court alone will decide the applicable sentencing range under the advisory sentencing guidelines, whether there is any basis to depart from that range, or impose a sentence outside of the guidelines, and what sentence to impose.    Defendant further understands that if the

- 4 -

Court imposes a sentence different from what is recommended by
the government, the defendant has no right to withdraw his
guilty plea.

8.   For purposes of determining the defendant's statutory
penalty and advisory U.S.S.G. imprisonment range, the defendant
and government agree and stipulate that the amount of drugs
independently known by the government to be within the scope of
the defendant's criminal conduct is less than 250 grams of
marijuana (U.S.S.G. Base Offense Level 6).

9.   For the purpose of determining whether the defendant
may be entitled to a two level reduction in offense level for
acceptance of responsibility under U.S.S.G. 3E1.1(a), the
government agrees to advise the Court via motion at the time of
sentencing, that the defendant assisted authorities in the
investigation or prosecution of his own misconduct by timely
notifying authorities of an intention to plead guilty.
However, the defendant understands that the decision regarding
acceptance of responsibility rests with the discretion of the
Court and will be determined by the Court following an
investigation by the U.S. Probation Office and in accordance
with all applicable guideline provisions set forth in the
Application Notes to Section 3E1.1.

10.   The defendant understands that the defendant's
Criminal History Category will be determined by the Court after

- 5 -

an investigation by the U.S. Probation Office.  The defendant

acknowledges that the government has not promised or agreed

that the defendant will fall within any particular Criminal

History Category.

11.   The defendant understands that the Court, within its

discretion, may order the defendant to pay a fine; and that the

Court may order the defendant to pay costs of incarceration

and/or supervised release.

12.   The parties agree to recommend that the Court impose

a sentence within the range determined pursuant to the advisory

sentencing guidelines in accordance with the computations and

stipulations set forth herein.  The government will not request

a sentence higher than the advisory sentencing guidelines range

and the defendant will not request a sentence lower than the

advisory sentencing guidelines range.

## **FORFEITURE**

13.   A.   The defendant, Michael Brandon Waldroup, agrees

as part of this plea agreement [pursuant to 21 U.S.C. § 853 and

18 U.S.C. § 982] to the forfeiture of the following property to

the United States: 1994 GMC Sierra 1500 ½-Ton Pick-up Truck,

VIN: 1GTGK29K2RE514800, seized on July 20, 2005.

B.   This vehicle is subject to forfeiture under 21 U.S.C.

§ 853 as it was used to commit or to facilitate the commission

- 6 -

of the criminal activity charged in Count 1 of the supplemental
information.

C.    The defendant will take whatever steps are necessary
to pass clear title to the above described vehicle to the
United States; including, but not limited to, the execution of
whatever agreements, stipulations, and/or other documents that
are necessary to effectuate the forfeiture of the vehicle.

**WAIVER OF DEFENSES, APPEAL AND COLLATERAL ATTACK RIGHTS**

14.    The defendant acknowledges having been advised by
counsel of his rights, in limited circumstances, to appeal the
conviction or sentence in this case, including the appeal right
conferred by 18 U.S.C. § 3742, and to challenge the conviction
or sentence collaterally through a post-conviction proceeding,
including a proceeding under 28 U.S.C. § 2255.    The defendant
expressly waives those rights except as reserved below.
Defendant reserves the right to appeal: (a) any punishment in
excess of the statutory maximum; and (b) any sentence to the
extent it exceeds the maximum of the sentencing range
determined under the advisory sentencing guidelines as
contemplated in this plea agreement.    Nothing in this paragraph
shall act as a bar to the defendant perfecting any legal
remedies he may otherwise have on appeal or collateral attack
respecting claims of ineffective assistance of counsel or
prosecutorial misconduct.

- 7 -

15.  In the event the defendant's guilty plea is withdrawn, rejected, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge.  In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions on bringing charges.

### **FACTUAL BASIS FOR GUILTY PLEA**

16.  The defendant, MICHAEL BRANDON WALDROUP, agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately outline his readily provable offense conduct:

A.  On July 20, 2005, members of Stark County Law Enforcement Task Force, along with agents of the Drug Enforcement Administration, executed a search warrant at the residence of Michael Chiolo in Jackson Township, Ohio. Defendant, MICHAEL BRANDON WALDROUP, was present at that residence.  Agents searched a pick-up truck that was in his possession and discovered in a tool storage area of the truck approximately 234 grams of marijuana.  MICHAEL BRANDON WALDROUP knew that marijuana was there.

- 8 -

B.    Marijuana is a Schedule I controlled substance. Jackson Township is located in Stark County, Ohio, which is in the Northern District of Ohio.

17.    The defendant, MICHAEL BRANDON WALDROUP, acknowledges that the above outline of his conduct does not set forth each and every act he committed in furtherance of the offense to which he is pleading GUILTY, and that the government could prove other acts evidencing his criminal conduct.

### ACKNOWLEDGMENTS

18.    The defendant, MICHAEL BRANDON WALDROUP, acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.    The defendant further declares that he is not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair his ability to fully understand the terms and conditions of the plea agreement.

19.    The defendant, MICHAEL BRANDON WALDROUP, further acknowledges that he has discussed this case and the plea agreement with his attorney in detail and has been advised by his attorney of the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible motions and

- 9 -

defenses, and the consequences of a guilty plea.  The defendant

further declares that he is fully satisfied with the effort,

assistance and counsel provided by his attorney.

20.  The defendant and his legal counsel further

acknowledge that no assurances, promises, or representations

have been given by the United States or by any of its

representatives which are not contained in this written

agreement.  This plea agreement sets forth the full and

complete terms and conditions of the agreement between the

defendant and the government.

_____11-14-05_____
Date

_____
MICHAEL BRANDON WALDROUP
Defendant

### STATEMENT OF COUNSEL

21.  As attorney for the defendant, I have discussed in

detail this case and the plea agreement with my client, MICHAEL

BRANDON WALDROUP, and have advised him of all matters within

the scope of Rule 11, Federal Rules of Criminal Procedure, the

constitutional and other rights of an accused, the factual

basis for and the nature of the offense to which the guilty

plea will be entered, possible motions and defenses, and the

consequences of the guilty plea.  No assurances, promises, or

representations have been given to me or to the defendant by

the United States or by any of its representatives which are

not contained in the written agreement.  This agreement sets

- 10 -

forth the full and complete terms and conditions of the
agreement between MICHAEL BRANDON WALDROUP and the government.

_Nov. 14 2005_

Date

_George G. Pappas_
Attorney for Defendant
1002 Key Building
159 South Main Street
Akron, OH 44308
Telephone: (330) 535-6185
Fax: (330) 996-4014

_11. 14-05_

Date

GREGORY A. WHITE
UNITED STATES ATTORNEY

By: _____

Robert E. Bulford (0014679)
Assistant U.S. Attorney
2 South Main Street, Room 208
Akron, OH 44308
Telephone: (330) 761-0517
FAX: (330) 375-5492
robert.bulford@usdoj.gov

**APPROVAL**

The foregoing Rule 11(c) plea agreement between the United
States of America and the defendant, MICHAEL BRANDON WALDROUP,
consisting of the preceding nine (9) typewritten pages is
hereby, APPROVED:

_____
UNITED STATES DISTRICT JUDGE

Date: _11-14-05_