```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


UNITED STATES OF AMERICA,

            Plaintiff,           Case No. 5:05CR395
                                 Akron, Ohio
       vs.                       Tuesday, July 7, 2009
                                 2:45 p.m.
MICHAEL V. CHIOLO,

            Defendant.


            TRANSCRIPT OF INITIAL APPEARANCE
            ON SUPERVISED RELEASE VIOLATION
            BEFORE THE HONORABLE JOHN R. ADAMS
                UNITED STATES DISTRICT JUDGE

APPEARANCES:
For the Government:   Robert E. Bulford, Jr.
                      Assistant United States Attorney
                      2 South Main Street, Room 208
                      Akron, Ohio 44308
                      (330) 375-5716

For the Defendant:    Paul F. Adamson
                      Burdon & Merlitti
                      137 South Main Street, Suite 201
                      Akron, Ohio 44308
                      (330) 253-7171

                      Bradley R. Iams
                      Attorney at Law
                      400 Huntington Bank Place
                      220 Market Avenue, S
                      Canton, Ohio 44702
                      (330) 452-6400

Court Reporter:       Caroline Mahnke, RMR, CRR
                      Federal Building & U.S. Courthouse
                      2 South Main Street, Suite 568
                      Akron, Ohio 44308
                      (330) 252-6021

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.
```

1         THE COURT: For purposes of the record we are here
2 today with regard to Case Number 5:05CR395-001. The case is
3 Michael Chiolo -- it's United States of America versus
4 Michael Chiolo.
5         We're here today for purposes of a supervised release
6 violation hearing. The nature of the violation is new
7 criminal conduct which alleges that on June 11, 2009, Mr.
8 Chiolo was arrested by the Canton Police Department on
9 charges of felonious assault and domestic violence.
10         On June 12, 2009, he appeared in Canton Municipal
11 Court, Canton, Ohio, was given a recognizance bond on the
12 domestic violence charge, a $10 million bond on the charge
13 of felonious assault.
14         An updated report indicates that the defendant
15 apparently, on July 2, entered into some plea agreement.
16 The felonious assault charge was dismissed at the motion of
17 the prosecutor. And on July 2, 2009, the defendant was
18 found guilty on the charge of domestic violence, sentenced
19 to 180 days in jail, and all but 22 days suspended, good
20 behavior condition for two years, and no contact with the
21 victim, and psychological counseling.
22         That is the full extent of the charge in the matter.
23 What's the defendant's position, please, with regard to this
24 violation, or alleged violation?
25         PAUL ADAMSON: Your Honor, if it please the

1     Court, Paul Adamson on behalf of Mr. Chiolo.

2     Judge, originally the notice that we received

3     indicated that this was being considered as a grade A

4     violation. I believe that, in fact, as it was adjudicated

5     and consistent with, I think, the facts of the case, that it

6     would appropriately constitute, the offense conduct here, a

7     grade C violation.

8     And I guess if we could clarify that issue, Your

9     Honor, I think Mr. Chiolo would be prepared to waive a

10     preliminary hearing and enter an admission to the grade

11     C -- the offense conduct as a grade C violation.

12     THE COURT: So it's clear, so there is no

13     surprises, it is a grade C violation based upon the domestic

14     violence, the plea, the M-1, under the advisory guidelines.

15     PAUL ADAMSON: Thank you, Your Honor.

16     THE COURT: That is the case. So there is no

17     surprises, I'll continue on.

18     The probation officer, in preparation of today's

19     hearing, provided the Court with copies of color photographs

20     reflecting the injuries suffered by the victim. So I'll

21     give you fair notice that it's this Court's intention to

22     seriously contemplate whether or not a sentence outside of

23     the advisory guidelines is called for in this case. This is

24     a domestic violence matter. I know all too well the

25     difficulties prosecutors have in bringing victims forward.

1     If the defendant desires a hearing, we will provide
2  him that hearing.  Before there is any disposition or
3  sentence imposed, I want the probation officer assigned to
4  the case to present all of the evidence as it relates to the
5  underlying violation in this matter, the domestic violence,
6  the pictures.  I'm also told there is an audiotape that's
7  available.  All that information will be considered by the
8  Court.
9     Secondly, also, extremely relevant to the Court's
10 disposition in this matter is the fact that the defendant
11 allegedly, according to the report, submitted what can best
12 be characterized as a counterfeit sample, urine sample, in
13 an attempt apparently to defeat the drug testing.  That's
14 also relevant.
15    So if you would like a hearing, we will schedule a
16 hearing today, but I'll give you fair notice.  The
17 disposition of this case will not necessarily be within the
18 five to eleven month range.  It may be substantially higher.
19 It may be within the range, but I'm going to consider every
20 bit of information regarding this so-called domestic
21 violence.  It may have been pled as domestic violence.  The
22 injuries to the victim indicate it may have been far worse
23 than a simple M-1, at least as reflected in the pictures.
24 So I'm going to take all that information into
25 consideration.

1    This defendant was granted -- I'm very well aware --
2    was granted substantial consideration in this case.  And he
3    should know, certainly supervised release began in October
4    in this case, so he should be very well aware, if these
5    charges are proven, of the consequences.
6         So you're free to discuss with your client his desire,
7    whether he wants a hearing.  Otherwise we will
8    continue -- if he does wish a hearing, we will provide him
9    that.  If not, I'm not going to sentence him today if he
10   does wish to admit, because I want all the information in
11   front of me.
12             PAUL ADAMSON:  Judge, perhaps just so we can make
13   certain that Mr. Chiolo fully understands, and since it
14   sounds like the Court is going to consider some form of
15   evidentiary matter, we would ask the Court to go ahead and
16   set it for a hearing, and at that hearing, I would
17   anticipate perhaps it would be more disposition than
18   hearing, but for today's purposes, I'd ask you to set it for
19   a hearing.
20             THE COURT:  Just a moment.  We will have the
21   calendar brought forward.
22        When is Mr. Koketko going to be available?  I know Mr.
23   Koketko may have more information on behalf of the probation
24   department to assist.
25             THE PROBATION OFFICER:  Yes, Your Honor.  He is

```
 1   available -- I do not know of any scheduled dates off as of
 2   this month.  The last week of the month, Your Honor, he is
 3   unavailable.
 4            THE COURT:  Wednesday, July 15, 10:00 a.m.  Is
 5   that convenient for both counsel?
 6            PAUL ADAMSON:  Judge, if we're going to try to
 7   schedule it -- I'm starting a trial, an engaging in corrupt
 8   activity trial, Monday morning in Summit County Common Pleas
 9   with 60 -- well, there is only six of us set.  So either
10   myself or Mr. Iams will be available if it turns out -- that
11   Wednesday is bad for him.
12            MR. IAMS:  The 15th is bad for me.
13            PAUL ADAMSON:  It very well may be that Mr. Iams
14   will cover the hearing based upon -- depending upon how long
15   my trial goes.
16            THE COURT:  Well, the defendant is going to
17   remain in custody, so -- again, I'm not -- he will be held
18   in custody until this is resolved.
19          So we're pushing -- if it's not next week, we'll be in
20   Cleveland because the courtroom here is going to be
21   remodeled.  In the course of being remodeled, I will be in
22   Cleveland the week of the 20th.  And I'm unavailable on
23   Friday, the 17th.  I have a -- what about Thursday, the
24   16th?
25            MR. IAMS:  I'm available on the 16th.
```

1    PAUL ADAMSON: That would be fine, Judge.
2    THE COURT: 10:00 on the 16th?
3    MR. IAMS: Yes.
4    MR. BULFORD: We are fine with that.
5    THE COURT: All right. 10:00 on the 16th. I'll
6    ask the probation department to be present with all
7    pertinent information. I know you have pictures and
8    reportedly an audio recording of the events that give rise
9    to the allegations.
10    We will see you at that time.
11    PAUL ADAMSON: Thank you, Your Honor.
12    THE COURT: Thank you, Your Honor, very much.
13    (Proceedings concluded at 3:00 p.m.)
14
15                    C E R T I F I C A T E
16
17    I certify that the forgoing is a correct
18    transcript from the record of proceedings in the
19    above-entitled matter.
20
21    S/Caroline Mahnke                10-26-09
22    Caroline Mahnke, RMR, CRR        Date
23
24
25